FILED
JANUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**08 C 501**

True Value Company,

    Plaintiff,

vs.

Livermore Andersen Hardware, Inc. d/b/a
Schultz True Value, and
Island True Value Hardware, Inc. d/b/a
Island True Value, and
Antioch True Value Hardware, Inc. d/b/a
Antioch True Value Hardware, and
Phillip S. (Stan) Livermore, individually,

    Defendants.

Court File No. _____

**COMPLAINT**

**JUDGE DARRAH**
**MAGISTRATE JUDGE DENLOW**

**J. N.**

## I. NATURE OF THE CASE

This is a case involving breach of a contract, federal trademark infringement and unfair competition, arising from the unauthorized and continued use of Plaintiff True Value Company's mark TRUE VALUE. Defendant's use not only constitutes a breach of contract, but also a violation of the Lanham Act's provisions on infringement. Defendant has acted with willful and negligent disregard for Plaintiff's trademark rights.

In this action, Plaintiff seeks an Order enjoining Defendant from use of the TRUE VALUE mark and enjoining Defendant from use of any Company-owned trademark, along with relief in the form of money damages.

## II. JURISDICTION AND VENUE

1.     Jurisdiction is proper under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b).

3.     The True Value Company, formerly known as the TruServ Corporation, is a cooperative corporation organized under the laws of Delaware, with a principal place of business at 8600 W. Bryn Mawr Avenue, Chicago, Illinois 60631-3505. The True Value Company is engaged in interstate commerce with the wholesale purchase and distribution of goods on behalf of its approximately 6,000 member-shareholders, each of whom operate a retail store or stores in various locations throughout the United States under a variety of retail identities, including the TRUE VALUE mark. The True Value Company, formerly known as the TruServ Corporation, is the name of the corporate entity which resulted from the merger between Servistar Coast to Coast Corporation and Cotter & Company. Cotter & Company was a Delaware corporation, and Servistar Coast to Coast Corporation was a Pennsylvania corporation which entered into an Agreement and Plan of Merger under Delaware laws. The name of the surviving corporation was Cotter & Company which was at the time changed to TruServ Corporation. The Certificate of Merger was effective July 1, 1997. The name TruServ Corporation was changed effective December 31, 2004 to the True Value Company.

4.     Phillip S. (Stan) Livermore is a former True Value cooperative member who conducted business as the following entities:

>    Antioch True Value Hardware, Inc.
>    488 Orchard Street
>    Antioch, IL  60002-1237
>
>    Island True Value Hardware, Inc.
>    217 East State
>    Island Lake, IL  60042
>
>    Livermore Andersen Hardware, Inc. d/b/a Schultz True Value
>    7020 West Higgins Avenue
>    Chicago, IL  60656

2

Phillip S. (Stan) Livermore serves as President of Island True Value Hardware, Inc. and Antioch True Value Hardware, Inc. Greta Andersen is the President of Livermore Andersen Hardware, Inc. d/b/a Schultz's True Value. Thomas S. Meyer is listed as the registered agent for all three of these entities, with a registered agent address at 33 North Waukegan Road, Suite 105, Lake Bluff, IL 60044.

## V. FACTUAL ALLEGATIONS

5. This Complaint is based on Plaintiff's trademark rights in its TRUE VALUE mark, which is the subject of protection by virtue of at least three U.S. registrations, bearing United States Trademark Registration Nos. 977,017 and 2,669,361 and 2,669,362 and is used, among other things, in connection with retail hardware store goods and services offered at Plaintiff's member stores.

6. The TRUE VALUE mark is incontestable.

7. Plaintiff's predecessor first adopted the TRUE VALUE mark in 1954 and the mark has been in continuous use, without interruption, since that date.

8. With many retail operations in many states, the TRUE VALUE trademark has been used nationwide and is widely known.

9. The True Value Company entered into three Membership Agreements with Mr. Livermore which provided that Plaintiff's trademarks could be used and displayed during the term of membership but that Mr. Livermore would not obtain any proprietary rights in Plaintiff's trademarks, and that Mr. Livermore would discontinue the use of Plaintiff's trademarks and remove at them at his expense within thirty-days of membership termination. The Membership Agreements are attached as Exhs. A, B and C.

10. As of December 1, 2007, Mr. Livermore was no longer a member.

11. His stores, notwithstanding termination of the Membership Agreement and expiration of the 30-day grace period for sign removal, continue to display signage bearing the TRUE VALUE trademark.

## V. CLAIMS

### Breach of Contract - Membership Agreement

12. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-11 as set forth fully herein.

13. The Membership Agreement provides that the member will not obtain any proprietary right in Company trademarks, and that at the termination of the Agreement, use of all trademarks shall be ceased at member expense. See Exhs. A, B and C.

14. Since termination, Mr. Livermore's stores have continued unauthorized use of Plaintiff's trademarks, which constitutes breach of the Membership Agreement.

15. Plaintiff has been, and continues to be, damaged by this continuing and unlawful use of the TRUE VALUE mark in breach of the Membership Agreement.

### Violation of 15 U.S.C. §1125(a) - Lanham Act § 43(a) Federal Unfair Competition

16. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-15 as though fully set forth herein.

17. Mr. Livermore is using the TRUE VALUE mark in commerce.

18. Mr. Livermore is using the TRUE VALUE mark in connection with goods and services.

19. Mr. Livermore's use of the TRUE VALUE mark is likely to cause confusion or to cause mistake, or to deceive as to its affiliation, connection, or association with the True Value hardware brand of stores and the True Value Company in violation of 15 U.S.C. § 1125(a).

20. Plaintiff has already suffered, and will continue to suffer, immediate and irreparable harm, as a result of Defendant's use and willful infringement of the mark TRUE VALUE.

### Violation of 15 U.S.C. § 1114 - Federal Trademark Infringement

21. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-20 as though fully set forth herein.

22. Plaintiff owns the federal registration for the mark TRUE VALUE.

23. Since termination of the Membership Agreement, Mr. Livermore has been using the TRUE VALUE mark in commerce without consent.

24. Mr. Livermore's unauthorized and willful infringement of the mark is likely to cause confusion, or to cause a mistake, or to deceive in violation of 15 U.S.C. § 1114.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Permanently enjoining Mr. Livermore from use and display of any Plaintiff-owned trademark, trade name or brand name, or any name or mark likely to cause confusion with Plaintiff, including, but not limited to, the TRUE VALUE mark;

2. Making an award of all damages and items recoverable under 15 U.S.C. § 1117, including (i) Defendant's profits from use of the TRUE VALUE mark and diverted sales, (ii) Plaintiff's damages, (iii) the cost of this action, and (iv) treble damages;

3. Any other such equitable relief as this Court may see just to order.

Respectfully Submitted,

Dated: __1/22/08__     By: _____
Kristine M. Boylan (N.D.IL # 90785470)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Telephone No. 612.332.5300
Telefacsimile No. 612.332-9081

*Attorneys for Plaintiff True Value Company*

6