UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRUE VALUE COMPANY,** | |
| Plaintiff, | |
| v. | No. 08 CV 501 |
| **LIVERMORE ANDERSON HARDWARE, INC., d/b/a SCHULTZ TRUE VALUE, and ISLAND TRUE VALUE HARDWARE, INC., d/b/a ISLAND TRUE VALUE, and ANTIOCH TRUE VALUE HARDWARE, INC., d/b/a/ ANTIOCH TRUE VALUE HARDWARE and PHILLIP S. (Stan) LIVERMORE, Individually,** | |
| Defendants. | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

**NOW COMES** the Defendants, LIVERMORE ANDERSON HARDWARE, INC., d/b/a SCHULTZ TRUE VALUE, and ISLAND TRUE VALUE HARDWARE, INC., d/b/a ISLAND TRUE VALUE, and ANTIOCH TRUE VALUE HARDWARE, INC., d/b/a/ ANTIOCH TRUE VALUE HARDWARE and PHILLIP S. (Stan) LIVERMORE (collectively "DEFENDANTS"), by and through their attorneys, FUCHS & ROSELLI, LTD., and as and for their *Answer and Affirmative Defenses to Plaintiff's Complaint*, state as follows:

## II. JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.

**Answer:**   DEFENDANTS admit the allegations of paragraph 1.

2. Venue is proper in this Court under 28 U.S.C. §1391(b).

**Answer:**   DEFENDANTS admit the allegations of paragraph 2.

3.      The True Value Company, formerly known as the TruServ Corporation, is a cooperative corporation organized under the laws of Delaware, with a principal place of business at 8600 W. Bryn Mawr Avenue, Chicago, Illinois 60631-3505. The True Value Company is engaged in interstate commerce with wholesale purchase and distribution of goods on behalf of its approximately 6,000 member-shareholders, each of whom operate a retail store or stores in various locations throughout the United States under a variety of retail identities, including the TRUE VALUE mark. The True Value Company, formerly known as the TruServ Corporation, is the name of the corporate entity which resulted from the merger between Servistar Coast to Coast Corporation and Cotter & Company. Cotter & Company was a Delaware corporation and Servistar Coast to Coast Corporation was a Pennsylvania corporation which entered into an Agreement and Plan of Merger under Delaware laws. The name of the surviving corporation was Cotter & Company which was at the time changed to TruServ Corporation. The Certificate of Merger was effective July 1, 1997. The name TruServ Corporation was changed effective December 31, 204 to the True Value Company.

**Answer:**    DEFENDANTS lack sufficient information or knowledge to form a belief as to the truth or falsity of these allegations and therefore deny the same.

4.      Phillip S. (Stan) Livermore is a former True Value cooperative member who conducted business as the following entities:

> Antioch True Value Hardware, Inc.
> 488 Orchard Street
> Antioch IL 60002-1237
>
> Island True Value Hardware, Inc.
> 217 East State
> Island Lake, IL 60042
>
> Livermore Andersen Hardware, Inc. d/b/a Schultz True Value
> 7020 West Higgins Avenue
> Chicago, IL 60656

Phillip S. (Stan) Livermore serves as President of Island True Value Hardware, Inc. and Antioch True Value Hardware, Inc. Greta Andersen is the President of Livermore Andersen Hardware, Inc. d/b/a Schultz's True Value. Thomas S. Meyer is listed as the registered agent for all three of these entities, with a registered agent address at 33 North Waukegan Road, Suite 105, Lake Bluff, IL 60044.

**Answer:**   DEFENDANTS admit the allegations of paragraph 4.

### V.    FACTUAL ALLEGATIONS

5. This Complaint is based on Plaintiff's trademark rights in its TRUE VALUE mark, which is the subject of protection by virtue of at least three U.S. registrations, bearing United States Trademark Registration Nos. 977,017 and 2,669,361 and 2,669,362 and is used, among other things, in connection with retail hardware store goods and services offered at Plaintiff's member stores.

**Answer:**

6. The TRUE VALUE mark is incontestable.

**Answer:**   The allegations of Paragraph 6 call for a legal conclusion to which an answer is neither required nor appropriate. Further answering, to the extent that facts are alleged in this paragraph DEFENDANTS lack sufficient information or knowledge to form a belief as to the truth or falsity of these allegations and therefore deny the same.

7. Plaintiff's predecessor first adopted the TRUE VALUE mark in 1954 and the mark has been in continuous use, without interruption, since that date.

**Answer:**   DEFENDANTS lack sufficient information or knowledge to form a belief as to the truth or falsity of these allegations and therefore deny same.

8. With many retail operations in many states, the TRUE VALUE trademark has been used nationwide and is widely known.

**Answer:** DEFENDANTS lack sufficient information or knowledge to form a belief as to the truth or falsity of these allegations and therefore deny same.

9. The True Value Company entered into three Membership Agreements with Mr. Livermore which provided that Plaintiff's trademarks could be used and displayed during the term of membership but that Mr. Livermore would not obtain any proprietary rights in Plaintiff's trademarks, and that Mr. Livermore would discontinue the use of Plaintiff's trademarks and remove them at his expense within thirty-days of membership termination. The Membership Agreements are attached as Exhs. A. B and C.

**Answer:** DEFENDANTS admit that they entered into Membership Agreements with Plaintiff, as to the allegations of paragraph 9 which refer to documents, each such document speaks for itself and therefore DEFENDANTS deny same.

10. As of December 1, 2007, Mr. Livermore was no longer a member.

**Answer:** DEFENDANTS deny the allegations of paragraph 10.

11. His stores, notwithstanding termination of the Membership Agreement and expiration of the 30-day grace period for sign removal, continue to display signage bearing the TRUE VALUE trademark.

**Answer:** DEFENDANTS deny the allegations of paragraph 11.

### V. CLAIMS

Breach of Contract – Membership Agreement

12. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-11 as set forth fully herein.

**Answer:**   DEFENDANTS restate, re-allege and incorporate by reference their responses to each and every allegation of Plaintiff's Complaint as though set forth fully herein.

13. The Membership Agreement provides that the member will not obtain any proprietary right in Company trademarks, and that at the termination of the Agreement, use of all trademarks shall be ceased at member expense. See Exhs. A, B and C.

**Answer:**   DEFENDANTS admit that they entered into Membership Agreements with Plaintiff, as to the allegations of paragraph 13 which refer to documents, each such document speaks for itself and therefore DEFENDANTS deny same.

14. Since termination, Mr. Livermore's stores have continued unauthorized use of Plaintiff's trademarks, which constitutes breach of the Membership Agreement.

**Answer:**   DEFENDANTS deny the allegations of paragraph 14.

15. Plaintiff has been and continues to be, damaged by this continuing and unlawful use of the TRUE VALUE mark in breach of the Membership Agreement.

**Answer:**   DEFENDANTS deny the allegations of paragraph 15.

<u>Violation of 15 U.S.C. §1125(a) – Lanham Act §43(a) Federal Unfair Competition</u>

16. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-15 as set forth fully herein.

**Answer:**   DEFENDANTS restate, re-allege and incorporate by reference their responses to each and every allegation of Plaintiff's Complaint as though set forth fully herein.

17. Mr. Livermore is using the TRUE VALUE mark in commerce.

**Answer:**   DEFENDANTS deny the allegations of paragraph 17.

18. Mr. Livermore is using the TRUE VALUE mark in connection with goods and services.

**Answer:**   DEFENDANTS deny the allegations of paragraph 18.

19. Mr. Livermore's use of the TRUE VALUE mark is likely to cause confusion or to cause mistake, or to deceive as to its affiliation, connection, or association with the True Value hardware brand of stores and the True Value Company in violation of 15 U.S.C. §1125(a).

**Answer:** DEFENDANTS deny the allegations of paragraph 19.

20. Plaintiff has already suffered, and will continue to suffer, immediate and irreparable harm, as a result of Defendant's use and willful infringement of the mark TRUE VALUE.

**Answer:** DEFENDANTS deny the allegations of paragraph 20.

Violation of 15 U.S.C. §1114 – Federal Trademark Infringement

21. Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1-20 as set forth fully herein.

**Answer:** DEFENDANTS restate, re-allege and incorporate by reference their responses to each and every allegation of Plaintiff's Complaint as though set forth fully herein.

22. Plaintiff owns the federal registration for the mark TRUE VALUE.

**Answer:** The allegations of Paragraph 22 call for a legal conclusion to which an answer is neither required nor appropriate. Further answering, DEFENDANTS lack sufficient knowledge to form a belief as to the truth or falsity of these allegations and therefore denies each and every allegation contained in paragraph 22.

23. Since termination of the Membership Agreement, Mr. Livermore has been using the TRUE VALUE marks in commerce without consent.

**Answer:** DEFENDANTS deny the allegations of paragraph 23.

24. Mr. Livermore's unauthorized and willful infringement of the mark is likely to cause confusion, or to cause a mistake, or to deceive in violation of 15 U.S.C. §1114.

**Answer:** DEFENDANTS deny the allegations of paragraph 24.

**WHEREFORE**, the DEFENDANTS, LIVERMORE ANDERSON HARDWARE, INC., d/b/a SCHULTZ TRUE VALUE, and ISLAND TRUE VALUE HARDWARE, INC., d/b/a ISLAND TRUE VALUE, and ANTIOCH TRUE VALUE HARDWARE, INC., d/b/a/ ANTIOCH TRUE VALUE HARDWARE and PHILLIP S. (Stan) LIVERMORE, deny that plaintiff is entitled to judgment against them in any amount whatsoever and request that judgment be entered in their favor and against plaintiff and respectfully request that this Honorable Court grant them further relief as this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

**NOW COMES** the DEFENDANTS, LIVERMORE ANDERSON HARDWARE, INC., d/b/a SCHULTZ TRUE VALUE, and ISLAND TRUE VALUE HARDWARE, INC., d/b/a ISLAND TRUE VALUE, and ANTIOCH TRUE VALUE HARDWARE, INC., d/b/a/ ANTIOCH TRUE VALUE HARDWARE and PHILLIP S. (Stan) LIVERMORE, by and through their attorneys, FUCHS & ROSELLI, LTD., and as and for their *Affirmative Defenses*, state as follows:

### FIRST AFFIRMATIVE DEFENSE

25.    DEFENDANTS deny that they infringed upon Plaintiff's marks or continued to use the Plaintiff's marks after the 30-day period following the termination of the Membership Agreement, by way of pleading in the alternative, if such use were to have occurred, DEFENDANTS acted in good faith and with reasonable grounds for believing that the acts or omissions alleged in Plaintiff's Complaint were lawful at the time of their alleged commission.

**SECOND AFFIRMATIVE DEFENSE**

26. On or about October 25, 2007, DEFENDANTS gave notice of their intent to voluntarily terminate their Membership Agreements with Plaintiff pursuant to Section 29(b) of the Membership Agreements which provides:

> This Agreement may be terminated unilaterally by the Member upon sixty (60) days written notice mailed to the Chief Executive Officer or Treasurer of the Company at the Company's principal office.

(Plaintiff's Exhibits A, B and C, §29(b)).

27. Based upon DEFENDANTS' notice, DEFENDANTS' voluntary termination of their Membership Agreements was to have occurred on or about December 24, 2007.

28. The Membership Agreements provide that from the date of termination, DEFENDANTS are to have 30 days to cease using Plaintiff's Marks. (Plaintiff's Exhibits A, B and C, §20).

29. The Membership Agreements allow Plaintiff to unilaterally terminate the Membership Agreement only after providing sixty days written notice. The Membership Agreements provide:

> This Agreement may be terminated unilaterally by the Company upon sixty (60) days written notice mailed to the Member at the address shown on the books of the Corporation

(Plaintiff's Exhibits A, B and C, §29(c)).

30. In breach of the Membership Agreements, on or about October 31, 2007, Plaintiff gave notice of its intent to unilaterally accelerate the termination date of the Membership Agreements to November 30, 2007.

31. DEFENDANTS deny that they infringed upon Plaintiff's marks or continued to use the Plaintiff's marks after the 30-day period following the termination of the Membership Agreement, by way of pleading in the alternative, if such use were to have occurred, it was a

direct and proximate result of Plaintiff's unilateral breach of the Membership Agreement, which acted to unfairly and unreasonably reduce the time available to DEFENDANTS to cease using Plaintiff's marks.

### THIRD AFFIRMATIVE DEFENSE

32. DEFENDANTS restate, re-allege and incorporate by reference Paragraphs 25-31 of their Affirmative Defenses above as though set forth fully herein.

33. DEFENDANTS deny that they infringed upon Plaintiff's marks or used Plaintiff's marks after the 30-day period following termination of the Membership Agreement, by way of pleading in the alternative, if such use were to have occurred, Plaintiff is estopped from asserting these claims as it was Plaintiff's breach of the Membership Agreements that was the direct and proximate cause of the damages Plaintiff's allege.

### FOURTH AFFIRMATIVE DEFENSE

34. DEFENDANTS restate, re-allege and incorporate by reference Paragraphs 25-33 of their Affirmative Defenses above as though set forth fully herein.

35. DEFENDANTS deny that they infringed upon Plaintiff's marks or used Plaintiff's marks after the 30-day period following termination of the Membership Agreement, but by way of pleading in the alternative, if such use were to have occurred, to the extent that Plaintiff's claims seek equitable relief, those claims are now moot.

**WHEREFORE**, the DEFENDANTS, LIVERMORE ANDERSON HARDWARE, INC., d/b/a SCHULTZ TRUE VALUE, and ISLAND TRUE VALUE HARDWARE, INC., d/b/a ISLAND TRUE VALUE, and ANTIOCH TRUE VALUE HARDWARE, INC., d/b/a/ ANTIOCH TRUE VALUE HARDWARE and PHILLIP S. (Stan) LIVERMORE, deny that plaintiff is entitled to judgment against them in any amount whatsoever and request that

judgment be entered in their favor and against plaintiff and respectfully request that this Honorable Court grant them further relief as this Honorable Court deems just and proper.

                                Respectfully submitted,

                      By:     \s\ Daniel E. Wiesch
                                Attorney for Defendants

Richard C. Perna (6193236)
Daniel E. Wiesch (6276171)
FUCHS & ROSELLI, LTD.
440 West Randolph Street, Suite 500
Chicago, Illinois 60606
Tel: (312) 651-2400
Fax: (312) 651-2499